### BUFFO v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 30, 1914.)

#### No. 4024.

INDIANS (§ 38*) — INTRODUCING LIQUOR INTO INDIAN COUNTRY — CRIMINAL PROSECUTION—SUFFICIENCY OF EVIDENCE.

A verdict finding a defendant guilty of the violation of Act July 23, 1892, c. 234, 27 Stat. 260, by introducing liquor into the Indian country, *held* sustained by the evidence.

[Ed. Note.—For other cases, see Indians, Cent. Dig. §§ 22, 64, 66; Dec Dig. § 38.*]

In Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

Criminal prosecution by the United States against Domenico Buffo. Judgment of conviction, and defendant brings error. Affirmed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Horton & Smith, of McAlester, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., of Atoka, Okl., and Frank Lee, Asst. U. S. Atty., of Prague, Okl.

Before ADAMS and CARLAND, Circuit Judges, and RINER, District Judge.

ADAMS, Circuit Judge. Buffo, the plaintiff in error, was convicted in the District Court of the offense of introducing liquor into the Indian country in violation of the provisions of the act of Congress approved July 23, 1892 (27 Stat. 260, ch. 234). That act provides that:

"Every person who * * * introduces or attempts to introduce any ardent spirits, ale, wine, beer, or intoxicating liquor of any kind into the Indian country shall be punished."

The indictment charged that Buffo introduced and carried into the county of Pittsburg and state of Oklahoma, a part of Indian country, from without the state, a certain specified quantity of whisky. No question is made as to the sufficiency of the indictment. Buffo was duly arraigned, put upon his trial, convicted, and sentenced, and now prosecutes this writ of error.

The only assignment of error relied on in brief or argument for reversal of the judgment is that the evidence was not sufficient to sustain the verdict. In our opinion there is no merit whatsoever in this assignment. We have carefully read and considered all the evidence produced, and the conclusion is inevitable that, not only was there substantial evidence to sustain the verdict, but that it preponderates strongly against the defendant.

The judgment is affirmed.